IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GILLIAN VAN DIEN,

                Plaintiff,

v.                                                     OPINION and ORDER

STATE OF WISCONSIN DEPARTMENT OF             20-cv-252-jdp
HEALTH SERVICES,

                Defendant.

---

      Plaintiff Gillian Van Dien sued the Wisconsin Department of Health Services for disability discrimination under the Rehabilitation Act. The court granted the Department's motion for summary judgment after concluding that Van Dien had failed to adduce evidence of discrimination. She did not appeal the judgment.

      Now acting pro se, Van Dien has filed a letter in which she asks that her "entire court case" be "completely sealed *ex parte*." Dkt. 32. She says that she was the victim of an attempted identity theft, and she believes that the perpetrator obtained information about her from the documents filed in this case.

      I will deny Van Dien's request because it is too broad for multiple reasons. First, Van Dien doesn't provide any justification for preventing the Department from viewing the record. Second, there is a "strong presumption" against sealing court records, especially dispositional orders. *Mitze v. Saul*, 968 F.3d 689, 692–93 (7th Cir. 2020). "Embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (internal alterations and quotation marks omitted).

      Federal Rule of Civil Procedure 5.2 does include protections for certain information, such as Social Security numbers, financial account numbers, and birth dates. None of that type

of information was included in a court order, but Van Dien suggests that other documents filed with the court do include confidential information. The problem is that Van Dien doesn't identify any specific confidential information that is in a particular record.

I will give Van Dien an opportunity to make a narrower request. But before the court will seal any part of the record, Van Dien must do the following: (1) identify the specific confidential information that is in the record; (2) provide a docket entry and page number where the confidential information is found; and (3) explain why she believes a particular piece of information should be sealed. Van Dien may file the request itself under seal.

## ORDER

IT IS ORDERED that Gillian Van Dien's request to seal all records in this case, Dkt. 32, is DENIED. But Van Dien is free to renew her request, following the instructions in the opinion.

Entered October 18, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge